| | | |
|---|---|---|
| AGF&J | Abrams, Gorelick, Friedman & Jacobson, PC<br>Attorneys At Law | One Battery Park Plaza<br>4th Floor<br>New York, NY 10004 | Phone: 212 422-1200<br>Fax: 212 968-7573<br>www.agfjlaw.com |

May 5, 2010

Via ECF
Hon. A. Kathleen Tomlinson, U.S.M.J.
United States District Court
Eastern District of New York
Long Island Federal Courthouse
100 Federal Plaza
Central Islip, New York 11722-9014

      Re:    Joann Gravina, et al. v.
                United Collection Bureau, Inc.
                Case No. 2:09-CV-04816-(LDW)(AKT)
                Our File No.:  7228

Dear Judge Tomlinson:

      We represent the defendant in the above matter, and submit the following in response to Mr. Horn's May 4, 2010 correspondence. The "discovery dispute" that Mr. Horn refers to, was, in reality, not a discovery dispute. Instead, Mr. Horn complained of a delay in the defendant's exchange of its initial Rule 26 Disclosure. That delay has been cured. I can represent to the Court, and to Mr. Horn, that the defendant's initial Rule 26 Disclosures have been served today.

      As this Court is aware, when we appeared before your Honor on April 8, it was agreed that the initial efforts in this case will be directed towards its resolution. To that end, the Court agreed to suspend implementing the proposed discovery schedule until a telephone conference of May 3rd, which has since been adjourned until May 10th. To that end, the parties have entered into a protective order/confidentiality agreement with regard to documents exchanged in this litigation. The execution of that document has permitted the defendant to provide plaintiff with its financial information for the years in question, in order to give counsel an opportunity to examine them. Yesterday, I received a proposal for settlement of this case, which I am in the midst of reviewing.

      The purpose of this letter is to dispel any inference that might be drawn from Mr. Horn's letter that the defendant is ignoring the directives of the Court, or not following through on its representations to the Court. Nothing could be further from the truth.

      In view of the above, I don't believe that there should be any consideration by the Court of sanctions to be imposed upon UCB. To the contrary, UCB, and its counsel, have been working diligently to try and come to a meeting of the minds to resolve the case. I submit that that is not the kind of conduct which merits sanction.

**AGF&J** Abrams, Gorelick, Friedman & Jacobson, PC
Attorneys At Law

Hon. A. Kathleen Tomlinson, U.S.M.J.
May 5, 2010
Page 2

   Thank you for your consideration of the above. We await any further instruction from the Court.

              Respectfully submitted,

              ABRAMS, GORELICK, FRIEDMAN
              & JACOBSON, P.C.

              By: _____
                 Barry Jacobs

BJ:rf

CC: Via Facsimile (866) 596-9003
   Law Office of William F. Horn
   188-01B 71st Crescent
   Fresh Meadows, New York 11365
   Attn: William F. Horn, Esq.