# Law Office of William F. Horn
188-01B 71st Crescent
Fresh Meadows, New York 11365
Telephone: (718) 785-0543
Facsimile: (866) 596-9003
bill@wfhlegal.com

November 10, 2010

Hon. Leonard D. Wexler, U.S.D.J.
United States District Court
Eastern District of New York
Long Island Federal Courthouse
940 Federal Plaza
Central Islip, New York 11722
<u>Via ECF Filing Only</u>

   RE:  *Joann Gravina, et al. v. United Collection Bureau, Inc.*
       E.D.N.Y. Case No. 2:09-cv-04816-LDW-AKT

Dear Judge Wexler:

I am co-counsel for the Plaintiffs. I am writing pursuant to the Court's directive at yesterday's Fairness Hearing in the referenced matter, wherein the Court requested that the Parties each submit two proposed *cy pres* recipients for the class settlement damage awards.

*Background*

On November 5, 2010, Plaintiffs filed this <u>consumer</u> class action lawsuit on behalf of themselves and all others similarly situated against Defendant, United Collection Bureau, Inc. ("UCB"). [Doc. 1]. Plaintiffs asserted that UCB violated the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692, *et seq.* ("FDCPA") and the California Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code §§ 1788, *et seq.* ("RFDCPA"). UBC answered the complaint on January 6, 2010. [Doc. 6]. Thereafter, the Parties engaged in protracted settlement discussions, which ultimately resulted in a class settlement on behalf of a national class of <u>consumers</u> ("FDCPA Class") *and* on behalf of a sub-class of California <u>consumers</u>("RFDCPA Class"). [Doc. 26].

As part of the negotiated class settlement, UCB agreed to pay $13,254.01 in damages to the FDCPA Class, which represented 1% of its verified net worth, and which is the maximum damages recoverable under the FDCPA. [Doc. 26, pgs. 13-14]. The Parties agreed that the FDCPA Class damages would be in the form of a *cy pres* payment to "one or more national charitable organizations without any religious or political affiliations." *Id.* Moreover, as part of the class settlement, UCB also agreed to pay $13,254.01 in damages to the RFDCPA Class, which represented 1% of its verified net worth, and which is the maximum damages recoverable under the FDCPA. [Doc. 26, pg. 14]. The Parties agreed that the RFDCPA Class damages would

Hon. Leonard D. Wexler, U.S.D.J.
November 10, 2010
Page 2

be in the form of a *cy pres* payment to "one or more California charitable organizations without any religious or political affiliations." *Id.*

During settlement discussions, the Parties were unable to agree on the recipients of the *cy pres* recipients. Indeed, UCB flatly refused to make either *cy pres* donations payable to any "consumer" organization that assists consumers resolve delinquent debts, or which assists consumers in stopping errant debt collectors from engaging in harassing and abusive debt collection tactics, like the tactics employed by UCB against the Plaintiffs, the FDCPA Class, and the RFDCPA Class in this case. Consequently, the Parties agreed that the Court would identify the *cy pres* recipients in the event that they were unable to do so prior to the Final Fairness Hearing. [Doc. 26, pg. 14].

On September 7, 2010, the Court entered its Preliminary Approval Order which, *inter alia*, certified this lawsuit to proceed as a class action. [Doc. 29]. On November 9, 2010, the Court held a Final Fairness Hearing during which it advised its intention to give final approval to the Parties class settlement; however, the Parties were still unable to agree on the *cy pres* recipients. Accordingly, the Court instructed the Parties to each write a letter and file it via ECF, which provides the Court with two proposed *cy pres* recipients.

*Plaintiffs' Proposed Cy Pres Recipients*

It is Plaintiffs' position that the class damages in this case should be directed to one or more charitable organizations whose mission is to help consumers. Plaintiffs take this position for the following reasons: (1) this lawsuit was brought on behalf of consumers for UCB's widespread FDCPA and RFDCPA violations; (2) the FDCPA and RFDCPA were specifically enacted to protect consumers from harassment, abuse, and deceptive debt collection tactics; and (3) no distribution of class damages is being made to any class members, thus, the *cy pres* recipients should be organizations that are most likely to confer a direct benefit on the consumer class members. Accordingly, Plaintiffs' propose the following two consumer oriented *cy pres* recipients:

**1.     FDCPA Class ("National Charitable Organization")** -- *National Consumer Law Center* ("NCLC"). NCLC is a nonprofit advocacy organization that seeks to build economic security and family wealth for low-income and other economically disadvantaged Americans. NCLC stated mission is to promote access to quality financial services and protect family assets from unfair and exploitive transactions that wipe out resources and undermine self-sufficiency. For over 40 years NCLC has used its expertise to write the rules of a fair marketplace. According to its website, NCLC has been awarded a four-star rating for sound fiscal management by Charity Navigator, one of the country's premier charity evaluators [to see the complete rating, visit www.charitynavigator.org]. More information about NCLC may be obtained from its website at www.nclc.org.

**2.     RFDCPA Class ("California Charitable Organization")** -- *Western Center on Law and Poverty* ("Western Center"). Western Center is a nonprofit organization that fights for justice and system-wide change to secure housing, healthcare, and a strong safety net for low-

Hon. Leonard D. Wexler, U.S.D.J.
November 10, 2010
Page 3

income Californians. Western Center opened its doors in 1967 in the midst of the nation's "War on Poverty" as a joint legal clinic of USC, UCLA, and Loyola Law Schools. Western Center receives no federal funding; thus, it relies solely on private donations, foundation grants, and attorney fee awards to support its mission of helping economically disadvantaged Californians. More information about Western Center may be obtained from its website at http://www.wclp.org.

I hope Your Honor finds the above information helpful. For the Court's convenience, I have enclosed a proposed Final Order, which, the form of which UCB's counsel has already approved (*sans* Plaintiffs' proposed *cy pres* recipients).

Respectfully submitted,

William F. Horn
*Encl:stated*
*cc:*    Barry Jacobs, Esq. *via ECF Filing only*
          Robert L. Arleo, Esq. *via ECF Filing only*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------x

JOANN GRAVINA, an individual; ANTHONY FELIX, an individual; on behalf of themselves and all others similarly situated,

                Plaintiffs,

vs.

UNITED COLLECTION BUREAU, INC., an Ohio Corporation; and JOHN AND JANE DOES NUMBERS 1 THROUGH 25,

                Defendants.

------------------------------------x

CASE NO.:  2:09-cv-04816-LDW-AKT

**FINAL ORDER**

**WHEREFORE**, It appearing to the Court that:

A.    On September 7, 2010, this Court entered a Preliminary Approval Order which, among other things, certified this lawsuit to proceed as a class action for settlement purposes only, defined the Settlement Class and Settlement Class Claims, appointed Settlement Class Counsel, preliminarily approved the proposed Stipulation of Settlement which would be binding on the Settlement Class, provided for notice to the Settlement Class including an opportunity for Settlement Class members to request exclusion from the Settlement Class and to object to the proposed Stipulation of Settlement, and scheduled a hearing ("Final Hearing") for October 14, 2010, at 10:30 a.m. to consider any objections and to determine whether the proposed settlement is fair, reasonable, and adequate [Doc. 29];

B.    On September 15, 2010, this Court entered an amended Preliminary Approval Order which, rescheduled the Final Hearing for November 9, 2010, at 10:00 a.m. to consider any objections and to determine whether the proposed settlement is fair, reasonable, and

      adequate [Doc. 32];

C.     On September 20, 2010, the class notice approved by the Court in the Preliminary Approval Order and directed to members of the Settlement Class was published in accordance with that Order in the Monday edition of *USA Today*, which is a newspaper with national distribution;

D.     To date, no Settlement Class members have elected to opt-out of, or object to, the proposed Class Settlement;

E.     In satisfaction of Fed. R. Civ. P. 23(e)(3), a copy of the Stipulation of Settlement was provided to the Court with the Parties Joint Motion seeking the entry of the Preliminary Approval Order;

F.     In the Stipulation of Settlement, Defendant, United Collection Bureau, Inc., consented to the entry of an injunction;

G.     On November 9, 2010, in accordance with the amended Preliminary Approval Order [Doc. 32] and Fed. R. Civ. P. 23(e)(2), counsel for the Parties timely appeared for the Final Hearing and no other objectors nor anyone else appeared, and the Court having concluded that the proposed settlement is fair, reasonable, and adequate; and

H.     The Court being duly advised in the premises, and for good cause;

**IT IS HEREBY ORDERED AND ADJUDGED**:

1.     The Court confirms its certification in the Certification of Settlement Class and Preliminary Approval Order of this lawsuit as a class action for settlement purposes only and, in accordance with Fed. R. Civ. P. 23(c)(1)(B):

    (a)     defines the "Settlement Class" as all persons with addresses in the United States of America who received a message left by Defendant on a telephone answering

device which did not identify Defendant itself by name as the caller, state the purpose or nature of the communication, or disclose that the communication was from a debt collector and which message was left after one-year immediately preceding the filing of the initial complaint up through and including the date of this Order; and

(b) defines the "Settlement Class Claims" as those claims arising from messages left by Defendant for Class members on telephone answering devices, and other telephone communications with consumers, which failed to meaningfully identify the Defendant by name as the caller, state the purpose or nature of the communication, or disclose that the communication was from a debt collector.

2. The Court declares that the notice to the Settlement Class satisfies the requirements of Fed. R. Civ. P. 23 and due process.

3. The Court declares that the terms of the settlement, as set forth in the Stipulation, are fair, reasonable and adequate.

(a) The Court approves the disbursement of the *cy pres* payment as provided for in Paragraph 2.3(b) of the Stipulation of Settlement to the following charitable institution in the amount of $13,254.01, National Consumer Law Center.

(b) The Court approves the disbursement of the *cy pres* payment as provided for in Paragraph 2.3(b) of the Stipulation of Settlement to the following charitable institution in the amount of $13,254.01: Western Center on Law and Poverty.

4. The Court approves the award of attorneys' fees and costs to Settlement Class Counsel as provided for in the Stipulation of Settlement and declares such fees and costs to be fair and reasonable.

5. The parties are directed to implement the settlement in accordance with the Stipulation of Settlement.

6. In accordance with the Stipulation of Settlement:

    (a) "Released Parties" means Defendant and Defendant's past or present officers, directors, partners, agents, employees, attorneys, accountants or auditors, consultants, legal representatives, insurers, predecessors, successors, assigns, parents, subsidiaries, divisions, and any entity that controls the Defendant;

    (b) as of the "Effective Date" (as defined in the Stipulation of Settlement), each member of the Settlement Class is deemed to release and forever discharge the Released Parties from the Settlement Class Claims; and

    (c) as of the "Effective Date" (as defined in the Stipulation of Settlement), each Settlement Class Representative is deemed to release and forever discharge the Released Parties from all causes of action, controversies, actions, demands, torts, damages, costs, attorneys' fees, moneys due on account, obligations, judgments, alleged violations of the FDCPA and liabilities of any kind whatsoever in law or equity, arising out of the Stipulation of Settlement or imposed by federal or state statute, common law, or otherwise, from the beginning of time to the date the Stipulation of Settlement was signed, whether or not known now, anticipated, unanticipated, suspected or claimed, fixed or contingent, whether yet accrued or not and whether damage has resulted from such or not.

7. Defendant, United Collection Bureau, Inc., is permanently enjoined as follows:

    (a) In all telephone voice messages left by Defendant for consumers on telephone answering devices, the Defendant will use its best efforts to ensure that it

        meaningfully identifies itself by stating its company name as the caller, accurately stating the purpose or nature of the communication, and disclosing that the communication is from a debt collector;

(b)    In accordance with Fed. R. Civ. P. 65(d)(2), this injunction is binding on Defendant, its officers, agents, servants, employees and attorneys, as well as all those in active concert or participation with any of them; and

(c)    In any proceeding seeking relief based on Defendant's violation of this injunction, Defendant may not be held in violation if Defendant "shows by a preponderance of evidence that the violation was not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error." 15 U.S.C. §1692k(c).

8.    The Court retains jurisdiction over the interpretation, enforcement, and implementation of the Stipulation of Settlement and this Final Order. Except as retained, all claims against all Defendants are dismissed with prejudice and without taxing costs.

**IT IS SO ORDERED:**

HONORABLE LEONARD D. WEXLER
Senior Judge, United States District Court

Dated: