UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------------------------x

JOANN GRAVINA, an individual; ANTHONY :     CASE NO.: 2:09-cv-04816-LDW-AKT
FELIX, an individual; on behalf of themselves
and all others similarly situated,

                Plaintiffs,

      vs.                                               **FINAL ORDER**

UNITED COLLECTION BUREAU, INC., an
Ohio Corporation; and JOHN AND JANE
DOES NUMBERS 1 THROUGH 25,

                Defendants.

---------------------------------------------------------x

**WHEREFORE**, It appearing to the Court that:

A.    On September 7, 2010, this Court entered a Preliminary Approval Order which, among other things, certified this lawsuit to proceed as a class action for settlement purposes only, defined the Settlement Class and Settlement Class Claims, appointed Settlement Class Counsel, preliminarily approved the proposed Stipulation of Settlement which would be binding on the Settlement Class, provided for notice to the Settlement Class including an opportunity for Settlement Class members to request exclusion from the Settlement Class and to object to the proposed Stipulation of Settlement, and scheduled a hearing ("Final Hearing") for October 14, 2010, at 10:30 a.m. to consider any objections and to determine whether the proposed settlement is fair, reasonable, and adequate [Doc. 29];

B.    On September 15, 2010, this Court entered an amended Preliminary Approval Order which, rescheduled the Final Hearing for November 9, 2010, at 10:00 a.m. to consider any objections and to determine whether the proposed settlement is fair, reasonable, and

adequate [Doc. 32];

C. On September 20, 2010, the class notice approved by the Court in the Preliminary Approval Order and directed to members of the Settlement Class was published in accordance with that Order in the Monday edition of *USA Today*, which is a newspaper with national distribution;

D. To date, no Settlement Class members have elected to opt-out of, or object to, the proposed Class Settlement;

E. In satisfaction of Fed. R. Civ. P. 23(e)(3), a copy of the Stipulation of Settlement was provided to the Court with the Parties Joint Motion seeking the entry of the Preliminary Approval Order;

F. In the Stipulation of Settlement, Defendant, United Collection Bureau, Inc., consented to the entry of an injunction;

G. On November 9, 2010, in accordance with the amended Preliminary Approval Order [Doc. 32] and Fed. R. Civ. P. 23(e)(2), counsel for the Parties timely appeared for the Final Hearing and no other objectors nor anyone else appeared, and the Court having concluded that the proposed settlement is fair, reasonable, and adequate; and

H. The Court being duly advised in the premises, and for good cause;

**IT IS HEREBY ORDERED AND ADJUDGED:**

1. The Court confirms its certification in the Certification of Settlement Class and Preliminary Approval Order of this lawsuit as a class action for settlement purposes only and, in accordance with Fed. R. Civ. P. 23(c)(1)(B):

   (a) defines the "Settlement Class" as all persons with addresses in the United States of America who received a message left by Defendant on a telephone answering

device which did not identify Defendant itself by name as the caller, state the purpose or nature of the communication, or disclose that the communication was from a debt collector and which message was left after one-year immediately preceding the filing of the initial complaint up through and including the date of this Order; and

(b) defines the "Settlement Class Claims" as those claims arising from messages left by Defendant for Class members on telephone answering devices, and other telephone communications with consumers, which failed to meaningfully identify the Defendant by name as the caller, state the purpose or nature of the communication, or disclose that the communication was from a debt collector.

2. The Court declares that the notice to the Settlement Class satisfies the requirements of Fed. R. Civ. P. 23 and due process.

3. The Court declares that the terms of the settlement, as set forth in the Stipulation, are fair, reasonable and adequate.

(a) The Court approves the disbursement of the *cy pres* payment as provided for in Paragraph 2.3(b) of the Stipulation of Settlement to the following charitable institution, _Make-A-Wish Foundation of Suffolk County, 1 Cormac Loop, 1A1, Ronkonkoma, NY 11779_ in the amount of $13,254.01.

(b) The Court approves the disbursement of the *cy pres* payment as provided for in Paragraph 2.3(b) of the Stipulation of Settlement to the following charitable institution, _Western Center on Law and Poverty_ in the amount of $13,254.01.

4. The Court approves the award of attorneys' fees and costs to Settlement Class Counsel as provided for in the Stipulation of Settlement and declares such fees and costs to be fair and reasonable.

5. The parties are directed to implement the settlement in accordance with the Stipulation of Settlement.

6. In accordance with the Stipulation of Settlement:

   (a) "Released Parties" means Defendant and Defendant's past or present officers, directors, partners, agents, employees, attorneys, accountants or auditors, consultants, legal representatives, insurers, predecessors, successors, assigns, parents, subsidiaries, divisions, and any entity that controls the Defendant;

   (b) as of the "Effective Date" (as defined in the Stipulation of Settlement), each member of the Settlement Class is deemed to release and forever discharge the Released Parties from the Settlement Class Claims; and

   (c) as of the "Effective Date" (as defined in the Stipulation of Settlement), each Settlement Class Representative is deemed to release and forever discharge the Released Parties from all causes of action, controversies, actions, demands, torts, damages, costs, attorneys' fees, moneys due on account, obligations, judgments, alleged violations of the FDCPA and liabilities of any kind whatsoever in law or equity, arising out of the Stipulation of Settlement or imposed by federal or state statute, common law, or otherwise, from the beginning of time to the date the Stipulation of Settlement was signed, whether or not known now, anticipated, unanticipated, suspected or claimed, fixed or contingent, whether yet accrued or not and whether damage has resulted from such or not.

7. Defendant, United Collection Bureau, Inc., is permanently enjoined as follows:

    (a) In all telephone voice messages left by Defendant for consumers on telephone answering devices, the Defendant will use its best efforts to ensure that it meaningfully identifies itself by stating its company name as the caller, accurately stating the purpose or nature of the communication, and disclosing that the communication is from a debt collector;

    (b) In accordance with Fed. R. Civ. P. 65(d)(2), this injunction is binding on Defendant, its officers, agents, servants, employees and attorneys, as well as all those in active concert or participation with any of them; and

    (c) In any proceeding seeking relief based on Defendant's violation of this injunction, Defendant may not be held in violation if Defendant "shows by a preponderance of evidence that the violation was not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error." 15 U.S.C. §1692k(c).

8. The Court retains jurisdiction over the interpretation, enforcement, and implementation of the Stipulation of Settlement and this Final Order. Except as retained, all claims against all Defendants are dismissed with prejudice and without taxing costs.

    **IT IS SO ORDERED:**

_____
HONORABLE LEONARD D. WEXLER
Senior Judge, United States District Court

Dated: November 29, 2010
Central Islip, N.Y.